## ACTION FOR RECOVERY OF HOMESTEAD EXEMPTION.

Circuit Court of Clarke County.

Sarah M. Bentzel v. James P. Goodwin et al.

Decided, December 1, 1910.

*Homestead—Order to Pay Cash in Lieu of, Out of Proceeds of Sale, Not a Final Order Upon Which Suit May be Brought on the Bond of the Assignee—When an Action on the Assignee's Bond Would Lie on Order of Distribution—Procedure by Means of Exceptions to the Assignee's Account.*

1. Where an assignor waives the right to select specific property in lieu of homestead under Section 11378, and asks that the sum of $500 be allowed to him out of the proceeds from the sale of the assigned property, and such sum is set off to him by the appraisers, and the action of the appraisers is approved by the court and said sum is ordered to be paid to the assignor out of the proceeds of sale—*Held:* that such order by the court is not a final order upon which, in case the assignee fails to pay, an action could be brought against the assignee on his bond.

2. If the order directing the payment be made in the court's consideration of the question of distribution of the proceeds of sale of the property out of which exemption could be paid, and all persons in interest were in court, a failure to comply with such order might sustain an action on the bond.

3. The better and safer procedure, however, in case the assignee has failed to pay the exemption claim, is for the party claiming the exemption to file exceptions to the account of the assignee and then, if an order to pay be made and the assignee fails to comply therewith, bring an action on his bond.

*J. F. Locke,* for plaintiff in error.
*J. P. Goodwin,* contra.

Rockel, J.; Dustin, J., and Allread, J., concur.

Error to Common Pleas Court.

In the court below, the plaintiff brought suit against the defendants as set forth in her petition. To this petition a demurrer was filed upon the ground that the petition does not state facts sufficient to constitute a cause of action.

The defendant in error, in support of the demurrer, contends among other things that whatever rights that the plaintiff in

error may have, must be worked out through the probate court.

The plaintiff says, and for the purpose of this cause they are the admitted facts:

"That prior to and on or about July 10, 1905, she was the owner of a stock of goods and chattels in a storeroom in Springfield, Ohio. consisting of monuments, markers and other articles necessary for carrying on the business of furnishing and erecting monuments and tombstones, and some notes and book accounts, and that on said date plaintiff executed and delivered to the defendant, James P. Goodwin, her deed of assignment whereby she conveyed to him all her property in trust, for the benefit of her creditors, excepting therefrom and reserving to plaintiff her exemption in lieu of a homestead, and other rights and property to which she might be entitled, under the homestead, exemptions, or other laws of the state of Ohio.

"At the time of the making of said deed of assignment and ever since, the plaintiff has been a resident of the state of Ohio, residing therein, being a widow and not the owner of a homestead or any real estate.

"Said James P. Goodwin, on or about July 10, 1905, filed said deed of assignment in the Probate Court of Clarke County. Ohio, and was thereupon appointed and qualified as assignee of the plaintiff, and letters as such were duly issued to him by said court, and said defendant, James P. Goodwin, and the Bankers Surety Co. of Cleveland, Ohio, thereupon duly executed a joint and several assignee's bond, a copy of which is hereto attached, marked exhibit 'A,' whereby they became jointly and severally bound to the state of Ohio in the sum of $1,400, subject to the condition that if the said James P. Goodwin should administer the said trust according to law, then said obligation should be void, otherwise to remain in full force.

"Thereupon, said James P. Goodwin entered upon said trust of said assignment, and as such assignee at once took possession of all of said property of plaintiff, and of the storeroom containing the same, and on or about July 14, 1905, by the oaths of Andrew Bennett, S. E. Fay and H. G. Forbes, who had been appointed appraisers by said probate court, proceeded to make an inventory and appraisement of said property and to set off and allow to plaintiff her homestead rights therein, and the said appraisers at the request of the plaintiff set off and allowed to plaintiff in lieu of her homestead in said property the sum of $500 to be paid to her out of the proceeds of the sales thereof. On or about July 20, 1905, the said inventory, appraisement and allowance of said sum of $500 to plaintiff in lieu of her homestead.

therein made by said appraisers was approved and confirmed by said probate court, and said sum of $500 was ordered by said court to be paid to plaintiff by said assignee out of the proceeds of the sales of said property.

"Thereupon, under the orders of said court, the said assignee proceeded to sell the property so assigned to him by this plaintiff, and to collect the notes and book accounts so assigned to him, and on May 2, 1906, the said defendant, James P. Goodwin, as such assignee, filed his account in said probate court, reporting to said court that he had received from the sales of said property, and from collections of said notes and book accounts the sum of $1,-107.75, and on June 29, 1906, said account was approved by said probate court.

"That on or about May 2, 1906, the plaintiff demanded of the said defendant the said sum of $500 and that on or about the — day of ———, 1906, said defendant paid to plaintiff the sum of $350 thereof, and has since paid her the sum of $20 thereof, but the exact dates of such payments the plaintiff is unable to state.

"The defendant, said James P. Goodwin, has neglected, failed and refused to pay to plaintiff the balance of said sum of $500 so allowed and set off to her in lieu of her homestead out of the proceeds of the sales of said property, being the sum of $130, with interest from May 2, 1906, although he has been frequently requested so to do.

"There is due the plaintiff from the defendants, by reason of the premises, the sum of $130, with interest from May 2, 1906, for which she prays judgment."

The plaintiff in error contends that when the appraisers in making the inventory allowed to her the $500 in lieu of a home-stead and that such report having been approved and confirmed by the probate court and the same ordered to be paid by that court, that upon the assignee defendants' refusal to pay such amount, that a right of action accrued against the assignee and the surety on his bond; and that thereafter such right of action could be enforced by the plaintiff in a court of general jurisdiction. Section 5441, Revised Statutes (11738, General Code), provides that:

"Husband and wife living together with an unmarried daughter or minor son, every widow and every unmarried female, having in good faith the care, maintenance and custody of any minor child or children of a deceased relative, resident of Ohio,

and not the owner of a homestead, may, in lieu thereof, hold exempt from levy and sale, real or personal property to be selected by such person, his agent or attorney, at any time before sale, not exceeding $500 in value, in addition to the amount of chattel property otherwise by law exempted.''

It will be observed that this section does not allow a gross sum of money in lieu of a homestead, but allows specific property to be held which is to be selected by the person desiring the same, not to exceed $500 in value. In the case at bar, according to the petition, the plaintiff requested that the same be not set off to her in specific property, but that money out of the proceeds to the amount of $500 be allowed her.

While the petition does not so state, it may be assumed that the assignee agreed to this request, waiving a strict compliance with the statute. It is very often found to be to the advantage of both the person claiming the exemptions as well as the creditors whom the assignee represents, that such be done; that in compliance with such request the appraisers in their return reported such fact to the probate court and this inventory was approved and confirmed and by the averments of the petition at the same time, said sum of $500 was ordered by said court to be paid to the plaintiff by said assignee out of the proceeds of the sale of such property, receiving therefor the sum of $1,100.

The question thus presented is, was such order of the probate court such a final order as would justify the plaintiff in bringing the suit in question, and when it was made, did the probate court lose jurisdiction to further consider the question whether or not the plaintiff was really entitled to the exemption set aside to her.

It is well to observe, as hereinbefore stated, that the plaintiff waived the right to have specific articles set off to her and a strict compliance with the statute in that respect, and that the order of payment by the probate court was made before the property was sold and converted into money.

It seems, therefore, to us that this order made by the probate court was not a final order, and was subject to review by that court by motion, or in some other proper manner, when the question of distribution of the funds derived from the sale of the property was before the court. That what was really intended

by that order was a reservation to the plaintiff of her rights under this statute, and that the amount should be paid to her out of the proceeds of the sale upon a final distribution of the same. To hold otherwise might be manifestly unjust to creditors and other parties in interest. No doubt at the time this order was made the matter came up to the probate court principally upon the approval of the appraisement. If on motion in the probate court the assignee had been ordered to distribute to the plaintiff the sum of $500 out of the proceeds then in his hands, derived from the sale of such property, then the plaintiff would have had a right of action in the court of common pleas against the assignee and his bond if he would have failed to comply with such order. Even upon this proposition, there might be some doubt if such order was made prior to the expiration of eight months from the time that the assignment was made.

There is an averment in the petition that the said property was sold, and from it and notes, etc., the assignee realized $1,-107.75, and that he filed his account in the probate court which was by the court approved. What expenditures were made or whether anything remains on hand does not appear or that any order was made as to plaintiff's claim.

When the account was filed, the plaintiff had full opportunity to except thereto, and in that way have had an order of the probate court as to the assignee's action on her claim. It may be that all the funds coming into the hands of the assignee were properly expended in a proper administration of the trust, and no further payment could be made on her claims. Perchance there might have been liens, prior to hers, that exhausted the entire fund.

The petition does not disclose the fact but what there may still be sufficient funds in the hands of the assignee to satisfy her claim in full. If that be true, she has yet a right to go into the probate court and have the court pass upon her right to have her claim satisfied, and if the court should find that her claim is unsatisfied, and an order would be made that the assignee pay the same and he should neglect, then an action like the present could be maintained. Perhaps then, as the probate court could not enforce the payment, by an order for the payment of money

by contempt proceedings, no other remedy would be open to the plaintiff.

As a general rule it may be stated, and the courts have so held, all matters in assignments should be worked out through the probate court, and that court has full and complete jurisdiction in all cases relating thereto, except where its powers are inadequate to grant relief.

The matter as to whether or not the plaintiff, being a widow, is entitled to this exemption, under the peculiar punctuation of the statute, as it then stood, we have not found it necessary to consider under the views we have taken. Suffice to say were the case of *Brown* v. *Parham*, 1 C.C.(N.S.), 602, not affirmed by the Supreme Court, we might find ourselves not in harmony with the conclusions of that court.

We therefore find no error in the court below and the same is affirmed.